Gaston, J.
 

 On the 8th of February, 1841, Nathan.Gr. Howell presented his petition on oath to one of the Judges
 
 *130
 
 ®uPeri°i'Courts, wherein it is set forth that John Leatherwood had obtained before a justice of the peace of the county of Haywood, a joint judgment against John H. Moody, ndm’r. of John Moo.dy, dec’d. and the said Howell, for the sum of $100, besides interest; that the said HowelL was not present when the said judgment was rendered, nor had been served with any warrant to appear before the justice, nor notified of the existence of any warrant; and that upon the said judgment, an execution had been issued to a constable of the said county, who was about to levy the same on the property of the petitioner; and wherein it is prayed of his Honor to cause to be issued, “the writ of Recordari and Supersedeas, and the writ of false judgment to be directed to the said justice, constable and plaintiff, commanding them to desist from all further proceedings in the said case, and commanding the magistrate to make up and certify to the honorable court, (the Superior Court of Haywood,) a record of the proceedings in said case had before him, that the said judgment may be reversed and the petitioner further prays, for “ such other and further relief as the nature of his case may require.” Upon this petition, the Judge made an order, directing the Clerk of the Superior Court of Haywood, to issue the writs of
 
 Recordari and Su-persedeas
 
 prayed for. Upon this order there issued writs of
 
 Supersedeas
 
 and
 
 Recordari.
 
 The latter was directed to the coroner of Haywood county, commanding him “ to cause the plaint to be recorded between John Leatherwood, plaintiff, and Nelson G. Howell, defendant, which was had before D. C. Howell, a justice of the peace for said county, and have it, together with this- writ, before the said Court, on the Monday after the 4th Monday of March, 1841, and to prefix the same day to the parties, that they may be there ready to proceed in said plaint.”' In obedience to this writ, at the day named the coroner returned the plaint, and thereupon it appeared, that on the 16th of November, 1839, a warrant was issued by the justice against John H. Moody, administrator of John Moody, Sen’r. deceased, and Nelson G. Howell, to answer to John Leatherwood, of a plea due
 
 *131
 
 by note of hand — that on the same day, a judgment by confession was rendered by the said justice, for the sum of principal money, with interest from the 26th of March, 1838 — that execution of said judgment was stayed by giving Harben Moody as security — and that execution on the judgment against the property of the defendants, was issued by another justice, on the 27th of January, 1841. After the plaint was returned, affidavits were filed, but on whose part does not appear, and among these was the affidavit of the justice who rendered the judgment, setting forth, that, a few days before it was rendered, the petitioner, who was surety for John Moody, deceased, in a note for $100, to John Lea-therwood, had requested that a warrant might be sued out on the note, and to save expense, that it should not be put into the hands of an officer, and had desired the justice to enter up judgment as against him without the warrant being served upon him, or any notice of the day or place of trial ; that in pursuance of this request an arrangement had been so made, and the justice, conceiving himself authorized as against the petitioner, entered the judgment as set forth in the plaint in the absence of the petitioner, and without any process being served on him. The case was continued from term to term in court, without any special order or motion thereon, until the Fall Term, 1842, when it was transferred to the trial docket by an order
 
 mine -pro tune,
 
 as of the preceding term, and the defendant had leave to plead thereto.— It was then moved by the defendant to dismiss the proceedings, because the warrant had not been served on Howell, or to be permitted to plead this matter in abatement; but the plaintiff insisted, and the court held, that there was not sufficient ground for this motion, and, the defendants declining to enter any pleas, there was a judgment rendered against them by default upon the specialty filed and set forth in the plaint. From this judgment they appealed to this court.
 

 The writ of
 
 Recordari
 
 in our practice may be issued to bring up proceedings before a justice, after a judgment has been rendered, for either of two
 
 purposes. The one,
 
 and the most usual, is, to have a re-trial of the merits, and this is
 
 *132
 
 in the'nature of an appeal. The other is for the purpose of reversing the judgment because of error, and this is in the nature of a writ of error or a writ of false judgment.'— The
 
 recordari
 
 here issued does not indicate the purpose for which it was granted, but, judging from the petition, its ob- ’ ject, or at all events its primary object, would seem to be, to obtain a reversal of the judgment for error, because the war-' rant had not been served upon the petitioner. Considered in this light, however, it was irregular, and must, on object tion thereto, have been dismissed, because the complaint was that of the petitioner alone, asking for a reversal of a joint judgment against himself and another.- No objection of this sort, however, appears to have been made, and from the case we collect that it was regarded as one, wherein both of the defendants acted, and were parties through their attorneys.
 

 When a
 
 recordari
 
 in the nature of a writ of false judgment has been sued out and the plaint returned, the petitioner or plaintiff in the writ ought to assign his errors. If there be error in the proceedings, which does not appear upon the plaint as recorded, he ought to make a suggestion to that effect, and the court will, upon a proper case made, by
 
 mandamus
 
 order the magistrate to record it more fully. In this case no suggestion to that effect was made, nor were any errors assigned. Perhaps it was understood that the error was sufficiently assigned in the petition, and if this error had appeared on the plaint and the judgmentjhad been therefor reversed, we should not have deemed this expeditious course erroneous. But upon the face of the plaint no such error appears. A judgment rendered against the defendants “ upon confession,” must be understood on a confession then' and there made before the justice. He certainly has no power to render a judgment without process, unless the parties personally appear before him. This judgment, therefore, could not have been reversed, because of error appearing in the proceedings ; and the matters of fact appearing
 
 dehors,
 
 upon affidavit or otherwise, could not have been rendered available for that purpose. The regular course, in our opinion, would then have been to dismiss the
 
 recorda-ri
 
 and award a
 
 frocedendo.
 
 But instead of doing thiss
 
 *133
 
 which we think the plaintiff in the judgment or defendant in the
 
 recordari
 
 had a right to require, the court ordered case to be put on the trial docket. This, according to our' , , ... . ' . . settled practice m the analogous cases of certiorari, was tantamount to a refusal to dismiss the writ, and granting anew trial. It does not, indeed, appear at whose instance this was done, but as it was a course injurious to the plaintiff in the proceedings before the justice, and which could be beneficial only to the defendants, _ it must have been ordered at their instance, and perhaps witholit objection from the plaintiff. The affidavits disclosed the fact, which did not appear on the record, that one of the parties, against whom judgment was rendered, was not present thereat, nor had been served with process to attend thereat; and the petition, besides praying for a reversal of the judgment, bad prayed for such other and further relief as the nature of the petitioner’s case might require. The
 
 recordari
 
 was thus converted from a writ in the nature of a false judgment into one to have the judgment set aside, and to have a new trial on the merits.1 This was irregular and erroneous, but of this error and irregularity the appellants cannot complain, and their adversary has not complained.
 

 The proceedings, after the cause was put upon the trial docket, were in accordance with the principles, which obtained the sanction of this court in the case of
 
 Petty
 
 v
 
 Jones,
 
 1 Ired. Rep. 409.
 

 We see no error in the case, to which the appellants can rightfully except. The judgment is therefore affirmed with costs.
 

 Per Curiam. Judgment affirmed.