The material facts are thus stated upon the record sent up to this Court.
Either just before or at the regular term, (Fall Term, 1869,) of the Superior Court of Northampton County, a case was docketed as follows: "M. A. Wilcox v. James Stephenson," (defendant's testator,) with the following entries: "Warrant and appeal, order for the Magistrate to bring forward the papers;" and the following order appears in the papers, signed "Watts, Judge."
"M. A. Wilcox v. James Stephenson. It is adjudged by the Court, that the Clerk of this Court issue a writ of recordari, according to the prayer of the petitioner; and the plaintiff is to give bond before the Justice according to act of Assembly in such case made and provided."
At the said Fall Term, 1869, Peebles Peebles appeared for the plaintiffs. It did not appear that the defendant, James Stephenson, appeared either in person or by attorney, at that or any subsequent term.
The Clerk on the 24th February, 1870, issued a writ of recordari, which, on the 5th day of March, 1870, was executed on Maddry, the *Page 325 
Justice of the Peace, who tried the same. In response to said writ, the said Justice at Spring Term, 1870, filed the original summons, judgment and account on which the plaintiff sued, but filed no transcript. At this term the following entry appears on the docket: "Notice to executor to be made a party defendant," and the (410) following order signed, "Watts, Judge," appears among the papers:
"M. A. Wilcox v. James Stephenson, Spring Term, 1870. It appearing to the Court that the defendant died since the last term, and that W. U. Stephenson is his executor, on motion, it is ordered, that notice be ordered to said executor to make him a party defendant in this action."
On August 27th, 1870, said order was served on said Stephenson, and at Fall Term, 1870, of said Court, he appeared by Barnes, his attorney. At the term following, this entry appears on the docket.
"Motion to discharge appeal; continued on motion." And at Spring Term, 1871, the following entry appears:
"Continued — notice to give surety on or before Friday, 1st week of term; motion to dismiss."
An appeal bond without date is filed with the papers. It did not appear at what stage of the case the said bond was filed. The case was regularly continued until Fall Term, 1873; and at said term the case is called upon the motion to dismiss, by Barnes, attorney for defendant; because he alleged the writ of recordari was ordered to be issued by the Judge, upon an ex parte motion, not founded on a petition or affidavit.
No evidence was offered on this point. No petition or affidavit for arecordari appears of record.
The plaintiff proposed to prove that he prayed an appeal from the judgment of the Justice at the time it was rendered, and then gave the Justice notice thereof. But the Court refused to hear this evidence, treating the case as an application for a recordari to bring up the appeal, and not an order to the Justice for the papers before him, to be used in an appeal actually taken. Thereupon the Court ordered the proceedings to be dismissed, and rendered judgment against the plaintiff Wilcox for costs of the proceedings in the recordari.
From this judgment plaintiff appealed.
The proceedings in this action which was commenced before a Justice of the Peace, have been very irregular. The bond *Page 326 
filed before the Justice for the appeal to the Superior Court bears no date, and "it does not appear at what stage of the case the said bond was filed;" nor does it appear clearly, when or how the case got upon the docket of the Superior Court. The order for the writ of recordari was made upon the motion of the plaintiff without notice to the defendant, and without any petition or affidavit setting forth the grounds upon which it should be issued.
Nor are we yet informed whether the object of the recordari was to have a re-trial of the merits, and thus answer the purpose of an appeal, or to operate as a writ of error or writ of false judgment, and reverse judgment for error.
As there are no errors upon the face of the record, and none have been assigned, for which the plaintiff can complain, let it be certified that there is no error in the order of the Superior Court dismissing the proceedings. Leatherwood v. Moody, 25 N.C. 129.
PER CURIAM. Judgment affirmed.